BRODY et al. v. BIRNBAUM et al.

(Supreme Court, Appellate Term. February 7, 1908.)

1. EVIDENCE—OPINION EVIDENCE—EXPERT TESTIMONY — VALUE — QUALIFICATIONS OF EXPERT.

It is unnecessary for an expert witness as to the market value of a particular article of merchandise to be acquainted with the market value of all its component parts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2358.]

2. SALES—BREACH OF CONTRACT—REMEDY OF BUYER—EVIDENCE OF DAMAGE.

In an action for breach of an executory contract of sale, in which plaintiff, the buyer, proved the market value of the goods at the time and place of delivery contracted for, it was error to grant a new trial to defendants on the ground that there was no proof of damage; plaintiff being entitled on his showing to recover the difference between the contract price and the market value proved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1174.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Henry Brody and another against Herman Birnbaum and another. From an order granting a new trial after verdict for plaintiffs, plaintiffs appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Samuel J. Siegel, for appellants.

Joseph I. Erenstoft, for respondents.

GERARD, J. Plaintiffs sued to recover the sum of $300 damages for breach of an executory contract of sale, in that defendants failed to deliver to plaintiffs certain merchandise called for by a written contract. This written contract called for the delivery of 200 natural muskrat linings to be made on patterns furnished, of which 100 were to be delivered about June 1st, at $10 each. The order recites that the verdict is set aside, "the court being satisfied that the said verdict was against the weight of evidence and contrary to law, in that there was no proof establishing the actual damage suffered by the plaintiffs, or of any loss or damage by them sustained." The jury had found a verdict in favor of the plaintiffs in the sum of $300.

It appears from the evidence that these linings were a standard article in the trade, being a number of muskrat skins fitted on linings. Each lining was made up of a varying number of muskrat skins, and were known as a 50-inch lining. Plaintiffs called one Otto Kayser as a witness, who stated that he had been in the fur business in the city of New York for 20 years, handling furs, buying and selling merchandise and all kinds of furs. This witness testified that a natural muskrat lining to be fitted to a 50-inch cloak, at the time and place of delivery named in the contract, was a staple article, well known in the fur trade, and priced as such. Defendants claimed that the samples furnished in this case were of linings covered with Southern muskrat skins. The witness Kayser could not tell what the value of a Southern muskrat single skin was at the time referred to. He proved the market value of the article of merchandise called for in the contract at the time and place of delivery; but, as above stated, he could not give the value of its component parts. Defendants claimed that the contract had been abandoned by mutual consent, and also offered evidence with regard to the market value of the article of merchandise in question.

The decision of the learned justice seems to have been arrived at by disregarding the evidence of the witness Kayser. It is not necessary for an expert witness as to the market value of a particular article of merchandise to be acquainted with the market value of every article that goes to make it up. The plaintiffs, having proved the market value at the time and place of delivery of the goods called for by the contract, were entitled, without further proof, to recover the difference between that market value and the contract price as their damages, and for the reason above stated the testimony of the witness Kayser should not have been disregarded, and with his testimony standing there was evidence of the damage sustained by plaintiffs.

The order granting a new trial should therefore be reversed, and the judgment reinstated, with costs. All concur.